Original
No. 7249

*In re* PROPOSED RULE RELATING TO CONTINUING

EDUCATION FOR DISTRICT AND MUNICIPAL COURT JUDGES

September 30, 1975

*Aaron A. Harkaway,* Justice of the Nashua District Court, orally, in support of the petition.

*William J. O'Neil,* Associate Justice of the Manchester District Court, member of the Administrative Committee of the District and Municipal Courts (RSA 502-A:18), and President of the New Hampshire Judges Association, orally, in support of the petition.

KENISON, C.J. On June 19, 1975, the Board of Governors of the New Hampshire Judges Association, pursuant to a resolution adopted at the association's annual meeting, petitioned this court "to require, by rule of court, all judges of the District and Municipal Courts to attend a minimum of one judicial education conference each calendar year, beginning with the year 1976, as approved by the Board of Governors, unless for good cause shown, they are excused."

The petition was filed with the court on June 25, 1975. On the same day, the court issued an order of notice specially

assigning the petition for hearing on September 5, 1975, and invited the judges of the district and municipal courts to appear and argue orally on the merits of the petition. The court also invited the judges to submit by letter or memorandum any comments or suggestions concerning the advisability or inadvisability of adopting the rule. Honorable Gerald F. Giles, Honorable Paul R. Kfoury, Honorable Joseph P. Nadeau, and Honorable Michael L. Slive submitted written comments in support of the petition. No opposition to the petition has been expressed to the court.

The desirability of continuing education for judges is widely accepted. A commission of the American Bar Association established the following standard: "Judges should maintain and improve their professional competence by regular continuing professional education. Court systems should operate or support judges' participation in training and education, including programs of orientation for new judges and refresher education in developments in the law and in technique in judicial and administrative functions for experienced judges." ABA Standards for Court Organization 1.25 (Tent. ed. 1973). The value of judicial education conferences is evidenced by their extraordinary popularity. *See generally* ABA Section of Judicial Administration, The Improvement of the Administration of Justice (5th ed. 1971); National Center for State Courts, State Judicial Training Profile (1974).

District and municipal court judges should gain substantial benefits from attending judicial education conferences. Professor Robert A. Leflar, a former judge and a teacher of judges, has written: "But there are some areas in which the educative process, including self-education, can be aided by making information, facilities and materials for study, opportunities for association and exchange of experiences, more readily accessible. This is true even as to judges." Leflar, *The Quality of Judges,* 35 Ind. L.J. 289, 302 (1960). Judicial education conferences provide information on recent developments in the law and in methods of judicial administration. The organizers of a conference perform a valuable function in selecting for consideration the most important materials from the mass of published cases and articles. At a conference the participants can discuss these developments with persons who have given them special

study. Discussion of the law and law work has been a tradition of the legal profession since the founding of the Inns of Court in the Middle Ages. Judicial conferences offer the judge an informal opportunity to obtain information on judging for which he might otherwise hesitate to ask.

Consequently various jurisdictions have required continuing judicial education. The following list is incomplete but suffices to show the widespread adoption of mandatory programs. Colorado, Indiana, Kansas, Michigan, Oklahoma, South Dakota, Tennessee, and Virginia require by statute attendance at the States' judicial conferences. Arizona, Delaware, Hawaii, and several other States achieve a similar result by rule or order of court. Minnesota and Iowa have recently adopted continuing legal education rules applicable to judges. 59 Judicature 97 (1975). Washington has established by statute a Board on Judicial Training Standards and Education to upgrade the criminal justice system. Idaho, Mississippi, Nevada, New York, and South Dakota require by statute that lower court judges receive certain training before they assume office. Iowa, Nebraska, New Mexico, North Dakota, and Texas require such training annually. In 1974 the Montana Supreme Court ordered every justice of the peace in the State to attend a special course regardless of former court experience or legal education. It may be confidently predicted that mandatory judicial education requirements will become more prevalent in the next decade, just as the opportunities for continuing judicial education have proliferated in the past decade.

The obligation which the petition seeks to impose will not be difficult to fulfill. It appears that there have been or will be four judicial education conferences in New Hampshire during 1975. In addition there are a number of programs available elsewhere which draw judges from across the country. The burden of attending appears slight in comparison to the potential benefits and their expenses are provided by statute. RSA 502-A:18. Supreme Court Rule 25, Canon 3 A(1) provides: "A judge should be faithful to the law and maintain professional competence in it." Therefore, effective January 1, 1976, all judges of the district and municipal courts shall attend a minimum of one judicial education conference each calendar year, as approved

by the board of governors, unless for good cause shown they are excused.

*So ordered.*

All concurred.